State v. Parks, 25 N. M. 395.

(No. 2294. Aug. 19, 1919.)
# STATE v. PARKS et al.

## SYLLABUS BY THE COURT.

1.  Cross-examination of Charley Parks held not error, consonant to doctrine in State v. Perkins, 21 N. M. 135, 153 Pac. 258, that overt acts of wrongdoing on part of witness are relevant as impeaching evidence, but cannot be shown outside the examination of the witness; the extent of such examination resting largely in the discretion of the court.
P: 399

2.  Evidence examined, and held, court did not err in refusing to instruct the jury to find John Parks not guilty.
P. 399

3.  Instructions examined, and held: (1) That so far as same are reviewable they correctly state the law; and (2) that no proper exception was taken to certain instructions.
P. 399

4.  Requested instruction held erroneous, in that it is not sufficient to justify the taking of human life that a person has reason to apprehend death or great bodily harm to himself unless he killed his assailant. He must entertain such belief and must act upon it.
P. 400

5.  Action of the court in instructing jury on second degree murder held proper, notwithstanding contention of the state that the killing was murder in the first degree.
P. 400

6.  Rulings upon questions asked a witness on cross-examination, although erroneous, will not constitute ground for reversal, where no substantial prejudice results. Held, appellant suffered no prejudice.
P. 401

7.  Error in overruling an objection to a question will not constitute ground for reversal, where the question was not answered.
P. 401

8.  It is improper for the court, during the progress of the trial, to make any unnecessary comments, or to take any unnecessary action, which might tend to prejudice the rights of either of the parties litigant; but, when it becomes unavoidable, the court has the right, even in the presence of the jury, to impose a fine upon any person connected with the trial, and such action cannot of itself cause a mistrial, merely because it might have some influence on the minds of the jurors.
P. 402

9.  Proposition concerning alleged remarks during the trial of one of the attorneys for the state held not reviewable, because such alleged remarks were not incorporated in the record by bill of exceptions.
P. 403

10. Remarks of the district attorney, which ordinarily would be improper, are not cause for reversal, where provoked by defendant's counsel and in reply to his acts and statements, unless such remarks extend to an impertinent reply, and bring before the jury extraneous matters touching important issues.
P. 403

11. Action of the court in permitting a witness to be questioned concerning the cause for the lack of certain action by him held to be proper.                P. 403

Appeal from District Court, Grant County; Ryan, Judge.

Charley Parks and John Parks were convicted of murder in the second degree, and they appeal. Affirmed.

H. D. TERREL and K. K. SCOTT, both of Silver City, for appellants.

The court erred in admitting evidence of specific acts of violence and affrays on the part of Charlie Parks, during his cross-examination.

1 Wigmore on Evid., Sec. 61; 2 Id., Sec. 196; Sec. 2180, Code 1915.

Proof of distinct substantive crimes is not admissible unless there is some logical connection between it and the crime charged.

People v. Cline, 83 Cal. 374; Miller v. Com., 78 Ky. 15; State v. Reeves, 71 Mo. 419; Boland v. People, 19 Hun. 80; English v. State, 15 S. W. (Tex.) 649; Clark v. State, 17 S. W. (Tex.) 1089; Carter v. State, 23 Tex. App. 508; People v. Jacks, 76 Mich. 218; Alexander v. State, 18 Ohio, 221; Farris v. People, 129 Ill., 521 s. c. 16 Am. St. Rep. 283; 105 Am. St. Rep. 976, 62 L. R. A. 197; Ter. v. Caldwell, 14 N. M. 535; State v. Graves, 21 N. M. 556.

The prosecution cannot give evidence of the bad character or reputation of a defendant unless he first introduces evidence of good character.

Wigmore on Evidence, Vol. 4, Sec. 2277; Elliott on Evidence, Vol. 1, Secs. 167-168-170-171; Elliott on Evidence, Vol. 4, Sec. 2721; Michie Homicide, Vol. 1, Sec. 163 (1c); Greenleaf on Evidence, Vol. 1, (16th Ed.), Sec. 14, (b) 461 (c); Wharton Crim. Evid., Vol. 1, Sec. 64, et seq.; Underhill Cr. Ev., Sec. 78.

Is it not more just that the right of cross-examination should be limited as to the defendant in this regard, rather than the defendant should be prejudiced by proof that he is a bad man?

People v. Brown, 72 N. Y. 571, Am. Rep. 183; Clark v. State, 78 Ala. 474; Elliott v. State, 34 Neb. 48; Van Bokkelen v. Berdell, 130 N. Y. 141; Bates v. State, 30 S. W. 890; Wallace v. State, 26 So. 713; People v. Crapo, 76 N. Y. 288, 32 Am. Rep. 302; Ryan v. People, 79 N. Y. 593; State v. Huff, 11 Neb. 17; People v. Hamblin, 68 Cal. 101, 8 Pac. 687; Com. v. Barnard, 97 Mass. 587; People v. Cummins, 47 Mich. 334, 11 N. W. 184-6; State v. Kelsoe, 76 Mo. 505; State v. Lawhorn, 88 N. C. 634; State v. Efler, 85 N. C. 585; Gale v. People, 20 Mich. 159; People v. Gay, 7 N. Y. 378.

Mere accusations of offenses furnish no proof of guilt, and cannot be used to effect the credibility of a witness on cross-examination.

Anderson v. State, 34 Ark. 257; People v. Elster, (Cal.), 3 Pac. 884; People v. Hamblin, 68 Cal. 101, 8 Pac. 687; Wallace v. State, 41 Fla. 547, 26 So. 713; State v. Millmeier, 102 Iowa 692, 72 N. W. 275; Derin v. Parsons, 52 Mich. 425, 18 N. W. 200, 50 Am. Rep. 262; People v. Gay, 7 N. Y. 378; Wilson v. Eveline, 35 App. Div. 92, 54 N. Y. Supp. 514; People v. Crapo, 76 N. Y. 288, 32 Am. Rep. 302; Ryan v. People, 79 N. Y. 593; People v. Irving, 95 N. Y. 541.

For the purpose of proving the commission of the crime for which a party is being tried, any evidence is

proper that raises a legal inference, or makes it probable that the crime was committed by the accused. Not so, however, when it is sought to show a collateral crime to effect credibility. That issue is not on trial, and the jury must not be called upon to investigate it.

Wharton Crim. Ev., Secs. 432-433; Schults v. Third Avenue R. Co., 89 N. Y. 25; State v. Punshon, 132 Mo. 44; Bates v. State, 60 Ark. 450.

Elements of murder of second degree did not enter into case and it was error to instruct jury thereon.

1 Blashfield's Insts. to Juries, 898; State v. Kòrmstett, 62 Kan. 221, 61 Pac. 805; People v. Byrnes, 30 Cal. 206; State v. Garrand, 5 Ore. 216; O'Connell v. State, 18 Tex. 343.

O. O. ASKERN, Atty. Gen.; A. B. RENEHAN, Special Assistant, and CARL H. GILBERT, of counsel, for the State.

Charlie Parks, having taken the stand, was subject to impeachment and cross-examination was proper for that purpose.

Borrego v. Terr., 8 N. M. 446; 2 Wigmore, Sec. 925; State. v. Perkins, 21 N. M. 556; Terr. v. DeGutman, 8 N. M. 92; Sawyer v. United States, 202 U. S. 150; United States v. Oppenheim, 228 Fed. 220; Fitzpatrick v. United States, 178 U. S. 304.

It was proper to submit the issue of murder in the second degree. This is a case in which there was substantial evidence to show the commission of an unexplained homicide, which is universally held to justify a verdict of murder in the second degree.

State v. Silk, 145 Mo. 240; People v. Gibson, 17 Cal. 283; McDaniel v. Comm., 77 Va. 281; Wharton on Homi-

cide (3d Ed.), Sec. 149; State v. Lane, 64 Mo. 318; Farrar v. State, 42 Tex. 265.

## OPINION OF THE COURT.

HOLLOMAN, District Judge. The defendants in this case were indicted at the March, 1918, term of the Grant county district court, charged with the murder of one J. Edward Schrimsher, and they were tried at the same term of court. A verdict of murder in the second degree was returned against them, and the court sentenced each of them to imprisonment in the state penitentiary for not less than 90 nor more than 99 years, from which judgment and proceeding this appeal is perfected.

[1] The appellants complain that the court erred in permitting the state, on cross-examination of the defendant Charley Parks, to ask questions relative to other crimes and specific acts of violence, etc., alleged to have been committed by him. The propriety of such an examination has been so often upheld by this court that a discussion of the same is unnecessary; State v. Perkins, 21 N. M. 135, 153 Pac. 258.

[2] The second error assigned is that the court erred in overruling a motion of the defendant John Parks, asking that the jury be instructed to find the defendant John Parks not guilty. We have carefully examined the testimony in the case, and are convinced that there was sufficient evidence to justify the submission of the case against John Parks to the jury.

[3] Many errors are assigned directed to the instructions given by the court. In fact, so many of the instructions were attacked by appellants that it would unduly lengthen this opinion to consider them singly. We have carefully examined all the instructions given, and are satisfied that in so far as the same are reviewable they state the law correctly. In some instances appellants urge objections to the instructions not called to the attention of the trial court by proper exceptions. These

objections will not, of course, be considered. For ex-
ample, instructions 28, 31, 33, and 34 are here attacked.
These instructions deal with the right of self-defense,
and are here attacked because the court used the term ''a
man of ordinary prudence, firmness, and courage.'' Ap-
pellants contend that this is not a correct statement of
the law, in that the danger is to be viewed from the
standpoint of the defendant as a ''reasonable man.'' The
exceptions to these instructions are that the same ''do not
correctly state the law of self-defense and on other good
and sufficient grounds,'' and further ''that they do not
correctly state the law applicable to this phase of the
case,'' and that they do not correctly state the law ''ap-
plicable to the facts proved on the trial and that such
instructions were prejudicial to the defendants.'' These
exceptions were not sufficient to call to the trial court's
attention the objection now urged and of course will not
be considered. We do not mean to intimate, however,
that the instructions were erroneous.

[**4**] Complaint is made of the refusal of the lower
court to give appellants' requested instruction No. 12.
Proper instructions were given by the court covering this
phase of the case. The requested instruction, however,
was erroneous. It announced the law as follows:

"You are instructed that if a person is assailed, being with-
out fault, and at a place where he had a right to be and for
a lawful purpose, and has reason to apprehend death or great
bodily harm to himself or to his brother unless he kill his
assailant, then the killing is excusable."

It is not sufficient to justify the taking of human life
that a person has reason to apprehend death or great
bodily harm to himself unless he killed his assailant. He
must entertain such belief and must act upon it. People
v. Gonzales, 71 Cal. 569, 12 Pac. 783; Walker v. State,
97 Ga. 350, 23 S. E. 992; Batten v. State, 80 Ind. 394;
State v. Matthews, 78 N. C. 523.

[**5**] Appellants complain because the court in-
structed the jury as to murder in the second degree; it

being contended that, under the evidence, they should
have been convicted of murder in the first degree or have
been acquitted. It is true the state contended that ap-
pellants lay in wait for the deceased in a shed, from
which they shot him, and that the crime was murder in
the first degree. It was not obligatory on the jury, how-
ever, to adopt that theory, any more than to adopt any
theory justified from the evidence submitted. There
was evidence of footprints of the appellants and of
empty cartridges outside of the shed in the corral. Kill-
ing with a deadly weapon was admitted; therefore malice
was implied. It was for the jury to determine from all
the evidence whether the killing occurred according to
the theory of the state, or that of the appellants, or in
some other manner. The case properly called for an in-
struction as to murder in the second degree.

[6] In their eleventh assignment of error appellants
contend that the court erred in permitting the district
attorney to ask the witness Robson the following ques-
tion on cross-examination:

"Didn't you write me a letter while the grand jury was in
session, telling me about a Mexican getting his throat cut
down there, and at the bottom of the letter didn't you say,
'Hachita is living up to her usual reputation'?"

To which the witness answered, "I believe I did."

"Rulings upon questions asked a witness on cross-exam-
ination, although erroneous, will not constitute ground for
reversal, where no substantial prejudice results therefrom."
4 C. J. 968.

Even if the court was in error in permitting the ques-
tion, which we do not hold, because of the cross-examina-
tion theretofore of the witnesses we fail to see how ap-
pellants were prejudiced thereby.

[7] The twelfth error assigned is that the court
erred in permitting counsel for the state to ask a witness
for the appellants if he had not appeared in court as a

character witness for one John Berry on trial for lar-
ceny at the last term of the court, because the same was
improper cross-examination. This error assigned can be
disposed of for the same reasons as heretofore given
relative to the eleventh assignment of error. However,
the record shows that the questions objected to were not
answered by the witness.

"Error in overruling an objection to a question will not
constitute ground for reversal, where the question was not
answered." 4 C. J. 964.

It is true the fact sought to be elicited was later
brought out by the state, but there was no objection in-
terposed to the questions which were answered.

The overruling of the objection urged as error by the
thirteenth assignment was without prejudice, as it was
answered in the negative, which was favorable to appel-
lants.

[8] Error is also assigned on account of the court
imposing a fine for contempt upon Attorney H. D. Ter-
rell, leading counsel for the defendants, in open court
and in the presence of the jury without sufficient cause
therefor. It is improper for the court, during the prog-
ress of the trial, to make any unnecessary comments, or
to take any unnecessary action, which might tend to
prejudice the rights of either of the parties litigant; but,
when it becomes unavoidable during the progress of the
trial, the court has the right to impose a fine upon any
person connected therewith, even though it be in the
presence of the jury, and such action cannot of itself
cause a mistrial, merely because the occurrence might
have some influence on the minds of the jury. Grant v.
State of Texas, 67 Tex. Cr. R. 155, 148 S. W. 760, 42
L. R. A. (N. S.) 428. The certificate of the court relative
to this matter is contained in the record. There is noth-
ing in the certificate, however, which shows that the court
did so through any prejudice or passion, especially since
the certificate shows that, only a very short time after

the fine was imposed, it was remitted. There being nothing in the record to show that the action of the court was not justified, the same cannot be here considered as error.

[9] The fifteenth assignment of error concerns certain statements of Mr. Vaught, one of the attorneys for the state, in his argument to the jury. The statements are not incorporated in the bill of exceptions, hence cannot be considered.

[10] The sixteenth alleged error concerns certain statements made by Mr. Renehan, counsel for the state, in his closing argument to the jury. It appears from the court's certificate that the statements, in reply to which the language objected to was used, are not of record. The general rule is that remarks of the district attorney, which ordinarily would be improper, are not ground for reversal if they are provoked by defendant's counsel, and are in reply to his acts or statements, unless such remarks go beyond a pertinent reply and bring before the jury extraneous matters touching important issues. 16 C. J. 911; Adams v. State, 179 Ind. 44, 99 N. E. 483. The statements made by the defendants' attorneys, to which the court certifies the language objected to was an answer, not being in the record, we cannot say the court erred in overruling the objection to the same and in refusing to withdraw the same from the jury.

[11] The last assignment of error urged by the appellants is that the court erred in permitting the witness McGrath, who was sheriff of Grant county, to testify concerning his failure to file a complaint against the deceased, Schrimsher, for certain alleged acts of violence which Schrimsher had committed. The witness had been asked on cross-examination by appellants' counsel whether he had filed such a complaint against Schrimsher, to which he answered he had not. This rendered it proper for the state on redirect examination to ask him why he had not filed such complaint, and to give

the witness an opportunity to explain the circumstances of Schrimsher's acts as reported to him. No error was occasioned by permitting the inquiry.

Other errors have been assigned, which we have considered, but have not discussed. We have searched the record in vain, however, for any errors or rulings of the court, to which proper exceptions were taken, that were prejudicial to the rights of the defendants. It is very apparent that many of the errors assigned were so assigned out of an abundance of caution, and it would serve no useful purpose to indulge in a further discussion of them, since they involve propositions of law so rudimentary that a discussion would be valueless either to the present or future cases.

Finding no error in the record, the judgment is affirmed; and it is so ordered.

ROBERTS, J., concurs.

RAYNOLDS, J., absent, not participating.