## BEAVERS et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit.
February 2, 1925.)

No. 4169.

1. Criminal law ⟨⟩753(2)—Motion for directed verdict properly overruled, where evidence supported allegations of indictment.

Motion for directed verdict was properly overruled, where substantial evidence tended to prove all material allegations of indictment.

2. Criminal law ⟨⟩1159(2)—Circuit Court of Appeals has no authority to determine weight of evidence.

Circuit Court of Appeals has no authority to determine weight of evidence.

3. Indictment and information ⟨⟩180—Variance between name of consignor of interstate shipment in indictment and in evidence held not fatal.

That indictment for breaking seal of railroad car and stealing freight being transported in interstate commerce named consignor of goods as "Duke & Co.," but evidence offered, in support of charge related to freight shipped by "W. B. Duke Sons & Co., Inc.," held not fatal variance, where evidence showed it was same company, since defendants were protected against another prosecution; gravamen of offense being the breaking of seal and stealing from car. •

4. Criminal law ⟨⟩680(1)—Rule as to admissibility of testimony of witness, having knowledge of portion of transaction only, stated.

Where testimony of no one witness can cover entire transaction, witness may be permitted to testify as to any relevant fact, if before government closes its case it shows that facts testified to are part of offense charged; order in which such evidence may be admitted being largely within discretion of trial court.

5. Criminal law ⟨⟩680(1)—Testimony of railroad employees relating to waybills not made by them held admissible.

In prosecution for breaking seal of car and theft of interstate shipment, testimony of railroad employees relating to waybills was properly admitted, though witnesses had not made them, where they testified that waybills were received through regular channels, and thereafter employees of initial carrier testified that they made original waybills in usual course of business.

6. Witnesses ⟨⟩323—Government can cross-examine its own witness as to statement conflicting with earlier affidavit.

Where government witness made statement in direct conflict with his earlier affidavit, government had right to cross-examine him thereon.

7. Witnesses ⟨⟩392(1)—Government's failure to introduce affidavit of its witness in direct conflict with his testimony held not error.

Government's failure to introduce affidavit of its witness in direct conflict with his testimony at trial held not error, since defendants could themselves have offered such affidavit.

8. Criminal law ⟨⟩658—Order in presence of jury that government witness, whose testimony conflicted with affidavit, be held for investigation, held not prejudicial.

Order, made by court in presence of jury, that government witness, whose testimony was in direct conflict with his earlier affidavit, be held pending investigation, was not prejudicial to defendants, as discrediting their defense, or reflecting on credibility of their witnesses.

**9. Burglary ⚖➡31—Evidence that blank shipping orders were stolen at time accused was employed by railroad held competent, in prosecution for theft of interstate shipment.**

Where evidence connected accused with theft of interstate shipment by use of false switching order, evidence that blank shipping orders were lost or stolen at time when accused was employed by railroad *held* competent.

**10. Criminal law ⚖➡780(2)—Refusal to charge that testimony of witnesses should be received with caution held not error.**

Where there was no evidence that government's witnesses were accomplices, and defendants claimed that witnesses were alone guilty of offense charged, refusal to instruct that witnesses were accomplices, and that their testimony should be received with caution, was not error.

**11. Criminal law ⚖➡1173(2) — Refusal to charge that accomplices' testimony should be received with caution held not reversible error.**

Even if evidence tended to prove that government's witnesses were ·accomplices, refusal to charge that their testimony should be received with caution would not be reversible error.

In Error to the District Court of the United States for the Western District of Tennessee; J. W. Ross, Judge.

Michael Beavers and another were convicted of breaking the seal of a railroad car and stealing freight being transported in interstate commerce, and they bring error. Affirmed.

The plaintiffs in error, Michael Beavers and Lex B. McKinney, were jointly indicted with Sam Christian and Geo. W. Michaels for unlawfully, knowingly, willfully, and feloniously breaking the seal of a certain railroad car at Memphis, Shelby county, Tenn., containing an interstate shipment of 251 cases of cigarettes, which had been shipped from Duke & Co., at Durham, in the state of North Carolina, to certain consignees, named in the indictment, in the states of Texas and Louisiana, and unlawfully, knowingly, willfully, and feloniously entering said car and feloniously stealing cigarettes therefrom, with intent to convert the same to their own use.

Upon the trial of the cause the government offered evidence tending to prove that W. B. Duke Sons & Co., Inc., branch of Liggett-Meyers Tobacco Company, shipped a large number of cases of cigarettes from Durham, N. C., to consignees in Texas and Louisiana; that these cigarettes, with other interstate shipments of cigarettes and tobaccos from other consignees in Durham, N. C., reached Memphis, Tenn., in separate cars; that some of these shipments were in Rock Island car No. 155,789; that thereupon, and for the purpose of completing the transportation of this interstate freight, all the cigarettes and tobacco in other cars were transferred to Rock Island car No. 155,789; that at the time this was done Rock Island car No. 155,789 was given block No. 272, and every parcel of freight so transferred from other cars to that car was marked "272"; that this car was then left in the yards of the Illinois Central Railroad Company at Memphis, with a switch order thereon, directing that it should be switched to the south-bound freight house, where it would leave Memphis over the Cotton Belt Railroad; that this switch order was replaced by some unauthorized person by another switch order, which stated that the car was loaded with hay for J. E. Tate & Sons, and directed that it should be switched to a side or team track of the Illinois Central Railroad Company on Washington street, some distance from the railroad company's yards; that when this car was loaded it was properly sealed, and that a day or two later, and after it had been switched to the Washington street track, the seal was broken and cigarettes stolen therefrom.

Evidence was also offered by the government tending to prove that Michael Beavers rented, from some farmers a few miles out of Memphis, a barn in which to store cigarettes, and paid $75 as part payment of this rent; that Beavers and his employé, a colored man named Sam Christian, were seen unloading the cigarettes from Rock Island car No. 155,789 on a truck, and that they transported the same to the leased premises; that later a large number of cases or packages of these cigarettes, marked "272," were found stored in the barn on the leased premises and covered with hay. The government also offered evidence tending to prove that Lex B. McKinney had shortly before this time been employed in the yards of the Illinois Central Railroad in Memphis; that about that time, or shortly after he had left the company's employ, it was discovered that a pad of blank switching orders was missing; and that Lex B. McKinney accompanied Beavers on at least one trip when he hauled cigarettes to the leased premises.

The defendant Beavers admitted that he and his employé, Christian, had taken these cigarettes out of this car and hauled them to this farm, where they were later found in the barn, but further testified that he was employed to do this hauling by one of

the two Italians who were operating the farm as partners; that the seal was broken when he first came to the car, and it was locked with a padlock, the key of which had been given him by the farmer who had employed him to do the hauling; that he had no knowledge whatever that the cigarettes were being stolen, and that he had no other connection with the transaction, except as a mere employé, to do the trucking, for which service he charged $24. McKinney did not testify.

The jury found the defendants Michaels and Christian not guilty, and the defendants Lex B. McKinney and Michael Beavers guilty, as charged in the indictment. A motion for new trial was overruled, and sentence imposed.

Thomas J. Walsh and A. E. Weinstein, both of Memphis, Tenn. (A. B. Galloway and Ernest S. Bell, both of Memphis, Tenn., on the brief), for plaintiffs in error.

W. H. Fisher, Asst. U. S. Atty., of Memphis, Tenn. (S. E. Murray, U. S. Atty., and A. A. Hornsby, Asst. U. S. Atty., both of Memphis, Tenn., on the brief), for the United States.

Before DONAHUE, MACK, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). [1, 2] The motion for a directed verdict was properly overruled, for the reason that the government offered substantial evidence tending to prove each and every material allegation of the indictment. This court has no authority to determine the weight of the evidence.

[3] It is insisted, however, that there is a fatal variance between the allegations of the indictment and the evidence, in that the indictment charges that this interstate freight was shipped by Duke & Co. from Durham, N. C., and the evidence offered in support of this allegation relates to shipments made by W. B. Duke Sons & Co., Inc., of Durham, N. C., a branch of the Liggett-Meyers Tobacco Company. The gravamen of the offense is the breaking of the seal and stealing from a car containing freight then being transported in interstate commerce. The consignor is named in the indictment for the purpose of informing the defendant of the charge against him, and to protect him against another prosecution for the same offense. Bennett v. U. S., 194 F. 630, 114 C. C. A. 402, affirmed Bennett v. U. S., 227 U. S. 333, 338, 33 S. Ct. 288, 57 L. Ed. 531.

There is no conflict in the evidence as to the identity of the consignor, regardless of the several names by which it is known. The government introduced substantial evidence tending to prove that W. B. Duke Sons & Co. is also known and designated in Durham, N. C., as "Dukes" and "the Duke Company"; that no other person, firm, or corporation of that name is, or was at that time, shipping goods from that point; and that W. B. Duke Sons & Co. and the consignor named in the indictment as "the Duke Company" are one and the same corporate entity. Bennett v. U. S., supra; Putnam v. U. S., 162 U. S. 687, 690, 16 S. Ct. 923, 40 L. Ed. 1118.

[4, 5] It is further claimed that the court erred in admitting the evidence of certain employés of the railroad company in reference to waybills covering these interstate shipments of freight, for the reason that these witnesses had not made these waybills and could not testify that they were the original waybills made at point of shipment. These witnesses, however, did testify that these waybills came to them through the regular channels, that they checked the same with these interstate shipments, and that they fully covered the same. Later the government called as witnesses employés of the initial carrier at Durham, N.C., who testified that these were the original waybills, made in the usual course of business and transmitted in the usual way to the employés of the carrier or carriers having duties to perform in connection therewith. As a rule the testimony of no one witness can cover the entire transaction. For this reason a witness may be permitted to testify as to any relevant fact or facts within his knowledge; and his testimony in reference thereto is admissible if, before the government closes its case, it is shown by competent evidence that the facts in relation to which the witness has testified are part and parcel of the same transaction that constitutes in part or in whole the offense charged in the indictment. Otherwise his evidence should be withdrawn from the consideration of the jury. While it is perhaps the better practice to prove these facts in sequence, nevertheless the order in which evidence may be admitted is largely within the discretion of the trial court, and if from the whole record it appears that the evidence is competent and relevant, the order in which it was offered and admitted is not important.

[6-8] It is also claimed that the court erred in permitting the district attorney to

cross-examine a witness called by him on the part of the government in reference to the contents of an affidavit made by the witness at the police station, and which appeared to be in direct conflict with his testimony upon the stand. This was not error. Sneed et al. v. U. S. (C. C. A.) 298 F. 911; Halbert v. U. S. (C. C. A.) 290 F. 765. Nor can error be assigned upon the failure of the government to introduce this affidavit in evidence. If the defendants desired that it be admitted in evidence, they had equal opportunity to offer it. This witness was called on behalf of the government, and not on behalf of the defendant. The order, made by the court in the presence of the jury, that the witness be held pending investigation, in no wise reflected upon the credibility of defendant's witnesses, or discredited the defense. Upon the question of the credibility of this witness, the jury was as fully informed as the court in reference, to the conflicting statements he had made under oath. The court very clearly charged the jury that it was the sole judge of the credibility of witnesses and of the weight to be given to their testimony; that, if a witness was shown to have made statements at other times in conflict with his testimony given upon the trial, this would not warrant the jury in arbitrarily disregarding his testimony, but it would call upon the jury to examine that testimony more closely than the testimony of a witness not so impeached, or sought to be impeached; and that even in case of an impeached witness the jury might still believe all, part, or none of his testimony as to it seemed right and proper.

[9] It clearly appeared from the evidence of the government that some unauthorized person had placed a false and fraudulent switching order on this car, and removed or obliterated the original. McKinney was connected by substantial evidence with the transportation of these stolen cigarettes from the car to the barn where they were stored. It was therefore entirely competent to show that a pad of these shipping orders had been lost or stolen, and that McKinney, at or about that time, had, by reason of his employment, an opportunity to obtain possession of the same. A similar question was presented in the case of Halbert et al. v. U. S., supra, in which case the conviction was affirmed. This evidence, in and of itself, would be entitled to little weight in determining the guilt or innocence of McKinney. If that were all the evidence offered to connect him with this crime, then there would be no substantial evidence sustaining his conviction; nevertheless it was pertinent, in view of McKinney's proven connection with the unlawful transaction. In this connection the court in a very excellent charge, to which no exceptions were taken, carefully instructed the jury as to inferences it might reasonably draw from any proven fact or circumstance in the case.

[10, 11] An exception was taken to the refusal of the court to charge that, "under the facts, the two government witnesses, Calagresi and Martani, were accomplices in the offense or part of the offense alleged in the indictment, and the jury will have to look to it only as accomplices, giving it that care and caution the law requires." There was no evidence tending to prove that these witnesses were accomplices of the defendants. On the contrary, if the jury believed the testimony of the defendants, then these witnesses were not accomplices, but were guilty of the offense charged, and the defendants were innocent. The court so instructed the jury. Even if there had been evidence tending to prove that these witnesses were accomplices in the commission of this crime, the failure to charge as requested would not be reversible error. Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442.

It is impracticable to discuss in this opinion all of the many assignments of error. There are a number of other assignments, all of which, in the opinion of this court, are of lesser merit than the ones we have discussed in detail. In reference to these, it is sufficient to say that no error intervened in the trial of this cause, to the prejudice of plaintiff in error.

For the reasons stated, the judgment is affirmed, and the cause is remanded for execution.