12670

STATE v. CAMPBELL

(148 S. E., 472)

*Mr. W. E. Ackerman,* for appellant,

*Solicitor James Allen,* for respondent, ▮▮▮▮▮▮

June 4, 1929.

The opinion of the Court was delivered by MR. ACTING JUSTICE C. T. GRAYDON.

This is an appeal from a conviction of manslaughter, by the defendant, Isaiah Campbell, and sentence imposed thereunder. The circumstances of the killing are not essential to the questions involved in this appeal, and therefore they need not here be discussed.

There are seven exceptions taken by the appellant, but in fact only three questions in the case. These are: (1) Alleged error on the part of the presiding Judge in permitting examination of the witness John Green by the solicitor along certain lines; (2) alleged error on the part of the presiding Judge in ordering the arrest of John Green for perjury in open Court; (3) alleged error on the part of the presiding Judge in permitting certain remarks by the solicitor to the jury in the course of his argument.

As to question (1), it is well settled in this State that the State cannot impeach or contradict a witness called in its behalf where proper and timely objection is made thereto. This rule is also applied in civil actions that the party calling a witness cannot impeach his testimony or contradict the same by witnesses or the introduction of contradictory statements. From the printed record it appears

that the witness John Green was hostile and the solicitor began to cross examine him. No permission was asked by the solicitor of the trial Judge, but the defendant's counsel objected and the Judge allowed the Solicitor to proceed. It is well settled that, when a witness becomes hostile, the Judge in his discretion has the right to allow cross examination of such witness, and there was no error on the part of the trial Judge in permitting this witness to be cross examined. During the cross examination, however, the Solicitor read from a statement which had been made by the witness and sworn to at a previous time and, although the defendant's attorney had objected during the examination of the witness, no proper objection was made to the reading of this statement by defendant's attorney. The rule is well settled that the grounds of objection must be stated at the time of the making of the objection and this was not done by the defendant's attorney. It also appears later that the witness upon the stand at the trial actually made statements which were in fact similar to the ones made in the statement from which the Solicitor read. The grounds not having been properly laid for the objection which is now urged upon this Court in the case for appeal in accordance with the rules of this Court, these exceptions are overruled.

The second question is as to the right of the presiding Judge to order the arrest of a witness in open Court who, in the opinion of the trial Judge, has made contradictory statements, which in fact amount to perjury. This question has been settled against the appellant by the case of *State v. McKay*, 89 S. C., 234, 71 S. E., 858. The trial Judge is present in the atmosphere of the trial, and he must, in the administration of justice, uphold the dignity of the Courts, and he would be derelict in his duty if he did not take such steps as he conceives it his duty to see that justice is administered in accordance with sound principles of law. It might be said in passing that it does

not appear in the case for appeal that the Judge actually had the witness arrested, and under the rules of this Court no exception can be considered which does not find substantiation in the printed case.

As to the third question, there is no evidence in the case for appeal that counsel for the defendant, by timely objection at the time of the making of the prejudicial statements alleged to have been made by the Solicitor, preserved his rights; nor did he call the Court's attention to said alleged improper remarks at any subsequent time. No motion for a new trial was made in which these questions were called to the attention of the trial Judge for him to pass upon. It has been held repeatedly by this Court that, when the defendant complains of the attitude and statements of the Solicitor in' the course of his remarks to the jury, the trial Court must be requested at some convenient time to restrain or correct the language used which is' complained of. *State v. Davis*, 88 S. C., 229, 70 S. E., 811, 34 L. R. A. (N. S.), 295.

All exceptions are therefore overruled, and the judgment of the lower Court is affirmed.

Messrs. Justices Cothran, Blease, Stabler and Carter concur.

Mr. Chief Justice Watts did not participate.