13653

STATE v. WARDLAW

(169 S. E., 840)

118

*Messrs. Alan Johnstone* and *William P. Greene,* for appellant,

*Messrs. H. S. Blackwell, Solicitor, Hubert C. Cox, Steve C. Griffith,* for respondent,

June 17, 1933.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. H. TOWNSEND.

The defendant-appellant was indicted in Abbeville County at the September, 1932 term of the General Sessions for that County for the murder of Andrew J. Ferguson on 8th April, 1932. A change of venue was had to Newberry County, where the case came on for trial at the October term, and resulted in a conviction for murder.

From the sentence imposed he appeals to this Court on exceptions which will be reported.

The State charged that the appellant slew A. J. Ferguson in an altercation which occurred in a field where appellant was plowing.

On trial Ben Watt was a witness for the defendant. On cross examination he was interrogated in regard to certain

statements it was alleged he had made to the sheriff while in jail, and in reference to an affidavit he had made for the solicitor. In reply for the purpose of contradicting Watt, the State put on the stand Sheriff McLane, who gave in detail the statement made to him by Ben Watt, and the affidavit he made was introduced in evidence. No objection was made to the testimony as to such statements, nor to the introduction of the affidavit.

The appellant claims that, so far from contradicting Watt, the statements made to the sheriff corroborated Watt's testimony, as well as defendant's own testimony on the stand, and were most helpful to defendant.

The presiding Judge charged the jury, among other things in these words: "I charge you, Gentlemen, in considering the whole case that you are to disregard any statement that may have been testified to in this case, as having been made when the defendant was not present."

It is conceded that defendant was not present when Watt made the statements to the sheriff, nor was he present when the affidavit was made for the solicitor.

Such statements and affidavit were competent to contradict the witness Watt (3 Russell, Crimes, 564, 620); but under the circumstances of this case, if objected to by the solicitor, would have been incompetent to corroborate the testimony given on the trial by either Watt or the defendant as witnesses (1 Greenleaf Ev., § 469; *State v. Thomas,* 3 Strob., 271).

In charging the jury to disregard such statements, the trial Judge repeated the error committed by the late Judge Gantt, in *State v. Free,* 1 McMul., 494, 495. There, Free was convicted of trading with a slave on the testimony of one Petigru. The defendant offered testimony to show that Petigru had been guilty of taking two greatcoats in Columbia. After the argument, the trial Judge charged the jury to disregard the testimony as to Petigru's alleged infamy. The Court of Appeals by Judge Butler said: "The testimony in-

troduced to show that Petigru had been guilty of having taken two coats, with a view to discredit him, was clearly incompetent; and there is little doubt that the presiding Judge would have rejected it, if an objection had been made to its competency. * * * No objection was made to the introduction of the testimony. The question is, how was it to be regarded after it was permitted to go to the jury. Incompetent testimony is frequently received by consent. * * * When such testimony is so received, it is usually regarded as competent testimony is—to be believed or not believed, as the jury may think proper. The effect and influence of testimony must depend upon the minds of those who are to be governed by it. What weight will be given to testimony is a question for the jury, and not for the Judge." The admissibility of the declarations "depended on its competency, and this was conceded when no exception was taken at the time it was offered." *State v. Rankin,* 3 S. C., 448, 16 Am. Rep., 737; *Burris v. Whitner,* 3 S. C., 512; *State v. Washington,* 13 S. C., 457.

For these reasons, the first and second exceptions are sustained.

As there must be a new trial, because of the withdrawal of this evidence from consideration by the jury, it is unnecessary to consider the fourth and fifth exceptions.

■ The solicitor is not a partisan in conducting the prosecution, and should not go beyond the limits of fair argument based on the evidence in presenting the case to the jury. The conduct of the solicitor was in the presence of the trial Judge, who would have corrected any misconduct if seen or called to his attention either during the trial —or on motion on the minutes for a new trial. The appellant's counsel should have called such misconduct to the attention of the trial Judge, at the latest on motion for new trial. The trial Judge was never asked to review, or pass upon, the conduct of the solicitor. Objection thereto cannot be made for the first time on appeal. *White v. So. Ry. Co.,* 142

S. C., 306, 140 S. E., 560, 57 A. L. R., 634; *State v. Campbell,* 150 S. C., 449, 452, 148 S. E., 472. The fourth and fifth exceptions are overruled.

The judgment of the Court is that the judgment of the Circuit Court be, and is hereby, reversed, and the case remanded for a new trial.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham concur.