212 P.2d 1053

**STATE v. SEEFELDT.**

No. 5194.

Supreme Court of New Mexico.

Dec. 22, 1949.

Rueckhaus & Watkins, Albuquerque, for appellant.

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., for appellee.

McGHEE, Justice.

The appellant was convicted of embezzlement following a trial before the court without a jury, and sentenced to a term in the penitentiary.

Seefeldt was engaged in the used car business in Albuquerque and he and one Eckman exchanged automobiles, Eckman agreeing to pay the difference. The car traded in by Eckman was under mortgage to the Denham Finance Company in Denver, Colorado, on which there was an unpaid balance of $541, and before the exchange was made Seefeldt was advised of the mortgage. The finance company in Denver was called by telephone and its permission was obtained for the trade, Seefeldt advising such company to draw a draft on him through an Albuquerque bank for their money. Eckman then assigned his interest in a Plymouth car to Seefeldt and delivered to him the title certificate,

duly signed. The balance owing to Seefeldt on the trade was financed through the Securities Acceptance Corporation of Albuquerque.

The Colorado finance company drew the draft on Seefeldt as requested but it was dishonored and Seefeldt did not later pay the debt. Approximately thirty days after receiving possession of the Plymouth, Seefeldt traded it for another car and an additional compensation in money. This latter deal was also financed through the Securities Acceptance Corporation, which gave Seefeldt a check for $300 as a part of the purchase price. Instead of paying this amount to the Denham Finance Company Seefeldt used it for other purposes.

The Denham Finance Company required Eckman to again make payments on his obligation to them and at the time of the trial he had paid something like $250 on the debt.

Evidence of others with whom Seefeldt had dealt was admitted showing that he had similar transactions with them, with identical results.

Seefeldt was charged with embezzling $541 from Eckman but was convicted of embezzling the $300 paid to him by the Securities Acceptance Corporation.

We will consider but one assignment of error, to the effect that the acts of the defendant do not constitute embezzlement.

In State v. Prince, 52 N.M. 15, 189 P. 2d 993, 994, we held that Section 1543, Code 1915, is in effect in this state. It reads: "If any person who shall be entrusted with any property which may be the subject of larceny, shall embezzle or fraudulently convert to his own use, or shall secrete with intent to embezzle or fraudulently convert to his own use any such property, he shall be deemed guilty of larceny."

It is the contention of the appellant that the evidence shows that he was guilty of no more than a breach of trust, but that if any crime was committed then it was larceny.

The trial court reasoned that Eckman had never in fact parted with the title, for the reason that he gave Seefeldt the certificate of title and possession upon the express condition that Seefeldt would discharge the mortgage debt owing to the Denham Finance Company, that Seefeldt never intended to make the payment, that in law the title never passed out of Eckman, and that when Seefeldt failed to make payment of the debt and appropriated the $300 received from the finance company at Albuquerque to his own use, he was guilty of embezzlement.

In reliance upon the promises of Seefeldt, Eckman parted with the possession and title to his Plymouth, and from his conduct in this case and the testimony

of the witnesses who had like experience with him it could easily be found that Seefeldt was engaged in getting the title to and possession of automobiles by false pretenses, itself a felony, but he was not charged with that offense. The difference between the two offenses is well illustrated in 29 C.J.S., Embezzlement, § 1, page 671, where it is stated: "Embezzlement differs from swindling or obtaining money by false pretenses in that in embezzlement the property is fraudulently appropriated by the person to whom it had been intrusted, whereas in swindling the property is wrongfully acquired in the first instance by means of some false pretense or device."

It is stated in State v. Edwards, 51 W. Va. 220, 41 S.E. 429, 430; 59 L.R.A. 465: "If the property is delivered with the intention on the part of its owner of parting with it altogether, passing both title and possession, the offense is not larceny, but obtaining property by false pretenses; * * *." See also People v. Abbott, 53 Cal. 284, 31 Am.Rep. 59; State v. Coombs, 55 Me. 477, 92 Am.Dec. 610; Loomis v. People, 67 N.Y. 322, 23 Am.Rep. 123, and note 87 Am.St.Rep. 30.

A careful reading of the record convinces us that Eckman intended to and did part with his title and possession of the Plymouth car. Although he did so in reliance on the promise of Seefeldt to pay the Denham mortgage, and Seefeldt thereafter used the money received from the Albuquerque finance company for his own use instead of paying it on the Denham mortgage, Seefeldt is not guilty of embezzlement.

Taking into consideration all of the testimony in the case, we are forced to the conclusion that the conviction of Seefeldt for embezzlement cannot be allowed to stand.

The judgment will be reversed and the cause remanded to the District Court with instructions to vacate its judgment and discharge the defendant, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.