228 P.2d 431

### STATE v. SHEFFIELD.

No. 5287.

Supreme Court of New Mexico.

Feb. 28, 1951.

J. S. McGarry, Carlsbad, for appellant.

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., for appellee.

LUJAN, Chief Justice.

The defendant (appellant) was convicted of the crime of aiding and abetting prostitution. He prosecutes this appeal and asks that the verdict and judgment be reversed on the single ground that the court erred in refusing to grant him a mistrial. Therefore, the review will be confined to resolving the one question.

The facts upon which the prosecution were based are as follows:

The state's witness, Betty Patterson, an 18 year old girl testified that the defendant came into the Lobby Night Club at Carlsbad one evening, in the month of June, and told her that he had two men for her; that she and Thelma Hill accompanied the defendant and two unidentified men to the El Rey Courts in a cab driven by Oscar Connally; that when they arrived at the Court, the defendant pointed out the cabin where the men were; that she and Thelma entered the cabin; that one of the men could not pay the price asked ($10.00) so Thelma departed; that she completed the transaction with the remaining man and upon receiving a twenty dollar bill from him took it to the defendant, who gave her $10.00, which she returned to her customer; that Connally then took her and the defendant to Curlie's Courts where they spent the balance of the night; and that the next morning the defendant gave her $5.00 out of the $10.00 she received from her customer.

The state's witness, Oscar Connally, the taxi driver, was unable to remember anything that transpired with clarity or certainty. His statements on the stand contradicted earlier one given to the officers.

In his brief, counsel for defendant, says: "The appellant contends and it is strongly urged, that his rights were prejudiced by the *deliberate falsehoods* and misrepresentations made by the witness Connally on the witness stand."

However, the defendant does not point out wherein the testimony of this witness prejudiced him and we are unable to so find.

It appears from the record that, during the progress of the trial, in the presence of the jury, and while Oscar Connally was on the stand testifying as a witness for the State, the court told the district attorney to "enter a contempt charge against this man for perjury and to deliver him to the custody of the sheriff."

The action of the court was within the power and sound discretion of the trial judge. That it might have had a bad effect upon the jury, and thereby prejudiced the defendant's case, was a matter to be considered by the trial judge at the time he committed the witness to the custody of the sheriff, but we do no think it was error to do so under the circumstances. State v. McKay, 89 S.C. 234, 71 S.E. 858; State v. Campbell, 150 S.C. 449, 148 S.E. 472; People v. Hayes, 140 N.Y. 484, 35 N.E. 951, 23 L.R.A. 830, 37 Am.St.Rep. 572; Beavers v. U. S., 6 Cir., 3 F.2d 860.

In State v. Parks, 25 N.M. 395, 183 P. 433, 434, we said: "Error is also assigned on account of the court imposing a fine for contempt upon Attorney H. D. Terrell, leading counsel for the defendants, in open court and in the presence of the jury without sufficient cause therefor. It is improper for the court, during the progress of the trial, to make any unnecessary com-

ments, or to take any unnecessary action, which might tend to prejudice the rights of either of the parties litigant; *but, when it becomes unavoidable during the progress of the trial, the court has the right to impose a fine upon any person connected therewith, even though it be in the presence of the jury,* and such action cannot of itself cause a mistrial, merely because the occurrence might have some influence on the minds of the jury \* \* \*." (Emphasis ours.)

The judgment of the district court is affirmed. It is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

COORS, J., did not participate.