563 P.2d 113
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Leo ORTIZ, Defendant-Appellant.**

**No. 2778.**

Court of Appeals of New Mexico.

April 5, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Donald D. Montoya, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of embezzlement contrary to § 40A–16–7, N.M.S.A.1953 (2d Repl. Vol. 6, 1972) defendant appeals asserting the trial court erred in: (1) not dismissing the indictment because it charged in the disjunctive and therefore did not give defendant sufficient notice; and, (2) not directing a verdict because of insufficient evidence. Issues listed in the docketing statement and not briefed on appeal are deemed abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

On April 30, 1976 two agents of the Drug Enforcement Administration, through an informant known to one of the agents, arranged to meet with defendant. Defendant indicated he could buy one-half ounce of heroin for them for $500.00. One agent testified that defendant did not ask the usual questions that 99% of the go-betweens ask before they will arrange a buy. Defendant showed no reluctance to act as the go-between.

They then drove to a trailer park in Albuquerque. Defendant had them stop the car about one and one-half blocks from the trailer park. There had been previous purchases arranged at this same trailer park. Defendant would not allow the agents to go with him to meet his source. Defendant stated that his source would not deal if someone was watching. The agents reluctantly gave defendant $500.00. Defendant walked into the trailer park and out of sight of the agents. Both defendant and the $500.00 disappeared and did not return. Defendant was subsequently charged by indictment and arrested.

*The Indictment*

The indictment charged as follows:

"That on or about the 30th of April, 1976, in Bernalillo County, New Mexico, the above-named defendant did attempt to commit a felony, to wit: Trafficking in a Controlled Substance, to wit: Heroin, a Schedule I Narcotic Drug, in that he did an overt act in furtherance of and with intent to commit Trafficking in a Controlled Substance, to wit: Heroin, a Schedule I Narcotic Drug, and tending but failing to effect the commission thereof, contrary to Sections 40A–28–1, 54–11–20, 54–11–2, 54–11–6, 54–11–7, NMSA 1953, as amended, OR IN THE ALTERNATIVE;

"That on or about the 30th day of April, 1976, in Bernalillo County, New Mexico, the above-named defendant did intentionally misappropriate or take a thing of value, to wit: approximately $500 in United States Currency, belonging to the United States Government, by means of fraudulent conduct, practices or representations, said thing of value having a value exceeding $100 but not more than $2500, contrary to Section 40A–16–6, NMSA 1953, as amended, OR IN THE ALTERNATIVE;

"That on or about the 30th day of April, 1976, in Bernalillo County, New Mexico, the above-named defendant did embezzle or convert to his own use, a thing of value, to wit: approximately $500 in United States Currency, with which he had been entrusted, with fraudulent intent to deprive the United States Government, the owner thereof, said thing of value having a value exceeding $100 but not more than $2500, contrary to Section 40A–16–7, NMSA 1953, as amended."

Defendant's first motion to dismiss the indictment was predicated on three grounds: (1) failure to inform defendant of the nature and cause of the accusation; (2) lack of specificity so as to enable defendant to plead the judgment as a bar to a subsequent prosecution; (3) lack of facts for trial court to decide whether the facts would be sufficient to support a conviction. The trial court denied the motion.

Defendant's second motion to dismiss the indictment was predicated on three grounds: (1) neither the indictment nor the statement of facts [furnished after the hearing on the first motion] sufficiently apprised defendant of the nature and cause of the accusation against him; (2) being tried on the indictment would deprive the defendant of a fair trial; (3) the indictment was returned in violation of § 41–5–10, N.M.S.A.1953 (2d Repl. Vol. 6, 1972). The trial court also denied this motion. The trial court stated that it would not require an election of counts at that time but would do so if necessary at the end of the state's case.

Defendant's argument is that "[i]n obtaining an indictment on these three charges, then in proceeding to trial on all three, the prosecutor is in effect saying, 'I think there is evidence to support all three charges, but rather than risk an election and go on the one I believe best supported by the evidence, we will let the jury pick. . . .'"

■ Our answer is that the trial court did direct a verdict against the state as to the alternative charge, attempted trafficking in heroin. Thus, we need only decide the alternative charges of embezzlement or fraud. A person may by one act violate more than one statute or commit more than one offense. *State v. Tijerina*, 86 N.M. 31,

519 P.2d 127 (1973). Also, a statute may be violated in several ways by different acts. See *State v. Tapia*, 89 N.M. 221, 549 P.2d 636 (Ct.App.1976). Further, the concept of double jeopardy is not involved since the charges were in the alternative. *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975). Nor are the concepts of included offenses, same evidence or merger. *State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.) decided March 15, 1977. We see nothing unfair in the charging of the defendant in the alternative. When alternative charging is to the effect of a crime being committed in various ways and the various ways are pursuant to a statute the charge is not legally deficient. *State v. Gurule*, 90 N.M. 87, 559 P.2d 1214 (Ct.App.) decided January 18, 1977; *State v. Ochoa*, 41 N.M. 589, 72 P.2d 609 (1937). We fail to see how the alternative charging in the instant case would be any different than the alternative charge situation which occurred in *State v. Gurule*, supra, particularly since the charges arose out of the same events and carried the same penalties. See generally Wharton's Criminal Procedure, Torcia, 12th Ed. 1975, Vol. 2, § 294. Here defendant was furnished with a most detailed statement of fact which not only included the complete district attorney's file and police reports but the citation of authorities the state was relying on in support of each of the alternative charges.

### Sufficiency of the Evidence

We examine the evidence to determine whether it was sufficient to go to the jury under the counts of fraud or embezzlement. An essential element of each count is intent. Intent is seldom provable by direct testimony. See *State v. Elam*, 86 N.M. 595, 526 P.2d 189 (Ct.App.1974). It must be proved by the reasonable inferences shown by the evidence and the surrounding circumstances. If there are reasonable inferences and sufficient circumstances then the issue of intent becomes a question of fact for the jury. It is only where there is no reasonable inferences or sufficient surrounding circumstances that we can say, as a matter of law, that a motion for a directed verdict should have been granted or that a charge should not have been presented to the jury.

Here there was sufficient evidence, reasonable inferences and surrounding circumstances for the alternative counts to be presented to the jury to decide whether the crime was fraud or embezzlement. Specifically, it was for the jury to decide whether defendant obtained the $500.00 by fraud in violation of § 40A–16–6, N.M.S.A. 1953 (2d Repl. Vol. 6, 1972) or converted to his own use the money with which he had been entrusted. Section 40A–16–7, N.M.S.A.1953 (2d Repl. Vol. 6, 1972). See *State v. Seefeldt*, 54 N.M. 24, 212 P.2d 1053 (1948). In addition, although the evidence and inferences were conflicting, the evidence is sufficient to show that defendant intended to convert the money after it was entrusted to him. Accordingly, we do not reach the question of whether an intent to convert, which existed prior to the entrustment, is sufficient intent for embezzlement. See *State v. Konviser*, 57 N.M. 418, 259 P.2d 785 (1953).

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., and LOPEZ, J., concur.