Mark KLEMENS, Plaintiff/Appellee,

v.

William WALLACE,
Defendant/Appellant.

Civ. No. 85–1058 HB.

United States District Court,
D. New Mexico.

March 6, 1986.

Anthony F. Avallone, Las Cruces, N.M., for plaintiff/appellee.

Tim Chelpaty, Alamogordo, N.M., for defendant/appellant.

## MEMORANDUM OPINION
## AND ORDER

BRATTON, Chief Judge.

This matter is raised before the court by an appeal from the bankruptcy court's determination on summary judgment that a state court judgment was not a dischargeable debt. The Court has reviewed the Bankruptcy Judge's opinion, considered the parties' memoranda, examined the legal authority germane to the issue and the record submitted on appeal. The analysis of the bankruptcy court was correct and its judgment should be affirmed.

The Appellant, William Wallace, had a judgment entered against him following a

non-jury trial before a New Mexico District Judge. The state court case involved a dispute over $7,106.68 which appellee had allegedly given to appellant for the purchase of stereo equipment. In finding for appellee, the state court Judgment provided in part:

> That the defendant embezzled funds lawfully entrusted to him in the amount of $7,106.68. The action on part of the Defendant was intentional.

The state court awarded actual damages of $7,106.68 with prejudgment interest and punitive damages.

In an adversary proceeding Appellee sought a judicial determination on the dischargeability of his judgment in Appellant's bankruptcy action. The statute which controls this case provides that:

> A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—for fraud ... embezzlement or larceny.

11 U.S.C. § 523(a)(4). The question in this case is whether the state court adjudication of embezzlement is binding upon the bankruptcy court with regard to whether the underlying debt to Appellee is dischargeable.

The Supreme Court has rejected the application of res judicata of a state court judgment to bar a bankruptcy court's examination of a debt's dischargeability under the former § 17, now § 523, of the Bankruptcy Code. *See Brown v. Felson*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). However, the Court noted that:

> If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10. Since *Brown* the doctrine of collateral estoppel has been applied to sustain bankruptcy courts' determinations of nondischargeability under § 523. *See, e.g., Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981);

*Matter of Schuler*, 722 F.2d 1253 (5th Cir. 1984).

Collateral estoppel may apply where the issue to be determined is identical in each proceeding and was necessary or essential to the outcome of the state court case and where the prior state court judgment has been reached through actual litigation of that issue. *Matter of Schuler, supra*, 722 F.2d at 1256. In the instant case, the Judgment of the state court reflects a prior determination of embezzlement which is essentially the same determination required by § 523(a)(4). Embezzlement under § 523(a)(4) is defined according to federal common law as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *In re Graziano*, 35 B.R. 589 (Bkrptcy E.D. N.Y.1983); *In re Gumieny*, 8 B.R. 602 (E.D.Wis.1981). The definition of embezzlement is the same in New Mexico. *See State v. Seefeldt*, 54 N.M. 24, 212 P.2d 1053 (1949).

The state court Judgment reflects that the issue was actually litigated by the parties and necessarily decided. Appellant had every incentive to litigate this issue and had a full and fair opportunity to do so. The fact that Appellant appeared pro se does not lessen the collateral effect of the state court judgment.

The standard of review to which this court is bound is whether the decision below is clearly erroneous. *Matter of Stafos*, 666 F.2d 1343, 1346 (10th Cir.1981). Here, the bankruptcy court's decision was an accurate determination of the law and an appropriate application of that law to the facts before it.

Now, Therefore,

IT IS BY THE COURT ORDERED that the *Memorandum Opinion* of the Bankruptcy Court filed on July 22, 1985 shall be, and hereby is, affirmed.