601 P.2d 78

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Anthony D. GONZALES, Defendant-Appellant.**

**No. 3949.**

Court of Appeals of New Mexico.

Aug. 30, 1979.

John B. Bigelow, Chief Public Defender, Santa Fe, Mark H. Shapiro, Asst. Appellate Defender, Dennis Manzanares, Asst. Public Defender, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

We reverse defendant's conviction of armed robbery because of improperly admitted evidence.

The prosecution proposed to introduce evidence that defendant's brother made certain remarks to the principal witness for the State and also administered a beating to this witness. The trial court permitted the witness to testify that the beating occurred and to identify the persons administering the beating, but would not allow testimony as to what was stated by the assailants. On cross-examination, the defendant brought out that the assailants were defendant's brother and a boyfriend of the witness's sister.

■ The prosecution's theory of admissibility was that the beating was evidence of tampering with a witness, which showed consciousness of guilt by defendant. The admissibility of such evidence is proper only when there is evidence which connects the defendant with the tampering.

*Saunders v. State*, 28 Md.App. 455, 346 A.2d 448 (1975) states that such evidence is not admissible, however, where there is no evidence to connect the accused there-

446

with. In order to make admissible evidence of attempts by a third person to influence a witness not to testify or to testify falsely, it must be established that such attempts were done by the authorization of the accused.

\* \* \* \* \* \*

Although the authorization by the accused may be proved by direct or circumstantial evidence . . . and an inference may be sufficient to connect the accused . . . the fact that the third party and the accused are related has not been held to be adequate proof, by itself, of the necessary authorization. . . . [A]n accused is not bound by the efforts of relatives or friends to suppress evidence unless his connection with the third party is clearly shown.

See Annot., 79 A.L.R.3d 1156 (1977); *United States v. Culotta*, 413 F.2d 1343 (2d Cir. 1969); *People v. Perez*, 169 Cal.App.2d 473, 337 P.2d 539 (1959); *People v. Caruso*, 174 Cal.App.2d 624, 345 P.2d 282 (1959); *Steele v. Commonwealth*, 262 Ky. 206, 90 S.W.2d 8 (1936); *State v. Graves*, 301 So.2d 864 (La. 1974); *State v. Kosanke*, 23 Wash.2d 211, 160 P.2d 541 (1945). Compare *State v. Ancheta*, 20 N.M. 19, 145 P. 1086 (1915).

The "beating" testimony was improperly admitted because of the absence of evidence connecting defendant with the beating.

The State asserts the error was harmless. We disagree. The case for the prosecution depended largely on the credibility of the witness who was beaten. The defense theory, consistent with the evidence, was that the witness and another person committed the armed robbery. In these circumstances, we cannot say the evidence of guilt was so overwhelming that there is no reasonable probability that the improperly admitted evidence contributed to the conviction. See *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App.1978).

The conviction is reversed; the cause is remanded for a new trial.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

*I concur.*

I agree that "[t]he 'beating' testimony was improperly admitted because of the absence of evidence connecting defendant with the beating." Defendant is entitled to a new trial.

Defendant raised a second point on appeal that should be answered because it may arise at the second trial.

During trial, the testimony put defendant in the home of a sister of the State's main witness soon after the robbery. She was not called as a witness. During closing argument, defendant asked why the State had not called her to testify. In rebuttal, the State turned the tables and asked why defendant had not called her. Defendant objected, and the objection was overruled. The State explained to the jury that if defendant thought she had anything to offer which would help the defendant or hurt the prosecution, she would have been present as a witness. A motion for a mistrial was denied.

This case does not involve the propriety of the comment by the district attorney on the failure of defendant to call a witness on his behalf. *State v. Martin*, 32 N.M. 48, 250 P. 842 (1926). It involves a response by the district attorney to defendant's argument with reference to the State's failure to produce a witness. This response falls within the category of retaliatory statements.

The general rule is that remarks of the district attorney, which ordinarily would be improper, are not ground for reversal if they are provoked by defendant's counsel, and are in reply to his acts or statements, unless such remarks go beyond a pertinent reply and bring before the jury extraneous matters touching important issues. *State v. Parks*, 25 N.M. 395, 403, 183 P. 433 (1919).

When defendant "opened the door," he effectively waived any right he might have to claim error because of the prosecutor's comments. *State v. Paris*, 76 N.M. 291, 414

P.2d. 512 (1966). The State's comments were within the realm of a reasonable reply to arguments made by defendant's counsel. *State v. Ergenbright,* 84 N.M. 662, 506 P.2d 1209 (1973).

The strategy of the State and defendant is unknown. I assume that the absent witness was available, and that her knowledge of defendant's presence or absence in her home was known to the State and defendant. Perhaps she was without knowledge. Nevertheless, her testimony was crucial to prove defendant's innocence, but it was merely corroborative of the testimony of the main witness, her brother. Her absence was a mystery that did influence the jury. The failure of defendant to call the witness was the death knell of the defense, and the mention thereof in closing argument was its interment. Perhaps this mystery will be resolved if this case proceeds to trial again.