653 P.2d 174

STATE of New Mexico, Plaintiff-Appellee,

v.

Phillip Herman VALLEJOS, Defendant-Appellant.

No. 5637.

Court of Appeals of New Mexico.

Sept. 28, 1982.

Rehearing Denied Nov. 5, 1982.

Certiorari Denied Nov. 5, 1982.

Thomas J. Horne, P.C., Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant was convicted of commercial burglary, § 30–16–3, N.M.S.A. 1978, and larceny over $100.00 but not more than $2,500.00, § 30–16–1, N.M.S.A. 1978 (1982 Cum.Supp.). His appeal raises issues concerning: (1) statements by defendant after his arrest; and (2) the prosecutor's reference, in closing argument, to the failure of defense witnesses to testify.

*Statements After Arrest*

■ Defendant and Hern were in Hern's pickup truck when arrested; defendant was driving. They were jointly indicted. Both made statements to the police. Hern stated that defendant was hitchhiking; that short-ly after Hern picked up defendant they were stopped by police; that he did not know the defendant. Defendant stated that he had been picked up by Hern and had never met Hern before being picked up. Both statements were admitted as evidence.

Hern testified for the prosecution. During his direct examination, he testified that defendant and Hern burglarized the store, that his statement to the police was not truthful. Hern also testified that after the arrest both men were placed in the back of a patrol car and, while there, defendant told Hern to tell the police that Hern had picked defendant up while defendant was hitchhiking. This testimony is the first of the three statements challenged by defendant.

Hern also testified that at a ball game defendant threatened Hern if Hern "snitched" on defendant. This is the second challenged statement. Hern also testified that defendant telephoned Hern and told Hern to testify that defendant was just hitchhiking. This is the third challenged statement.

Defendant claims each of the statements was improperly admitted because hearsay, not relevant and improperly admitted under Evidence Rule 403.

The statements were not hearsay. Evidence Rule 801(d)(2) provides that a statement is not hearsay if offered against a party and is the party's own statement. The Advisory Committee's Note to Evidence Rule 801 states: "A party's own statement is the classic example of an admission." 4 Weinstein's Evidence at 801–41 (1981). Weinstein, *supra,* ¶ 801(d)(2)(A)[01] states: "All that is required is that the statements have been made by the party or his representative and that it be introduced by an adverse party as in some way relevant—usually because it is contrary to a position that he is now taking."

■ The statements were relevant. *See* Evidence Rule 401. Wharton's Criminal Evidence § 218 (Torcia 13th ed. 1972) states: "It is relevant to show that a false statement was intentionally made by the defendant at the time of, or while under,

arrest; that he *fabricated a defense, such as an alibi;* that he forged documentary evidence; or that he gave false testimony." (Emphasis added.)

*State v. Ancheta,* 20 N.M. 19, 145 P. 1086 (1915), states:

Upon the first phase of this question—namely, the evidence going to show an attempt to bribe—we believe it is a well-established rule of evidence, in both civil and criminal cases, that a party's fraud in the preparation or presentation of his case, such as the suppression or the attempt to suppress evidence by the bribery of witnesses, can be shown against him as a circumstance tending to prove that his case lacks honesty and truth.

Consistent with this approach (1) evidence of flight is admissible, *State v. Trujillo,* 95 N.M. 535, 624 P.2d 44 (1981); (2) evidence of escape is admissible, *State v. Trujillo, supra;* (3) evidence that defendant first denied possession of the victim's property and then falsely explained his possession is admissible, *State v. Grissom,* 35 N.M. 323, 298 P. 666 (1931). Such items are admissible because they show either an admission by conduct or consciousness of guilt. *State v. Nelson,* 65 N.M. 403, 338 P.2d 301 (1959). *Compare State v. Gonzales,* 93 N.M. 445, 601 P.2d 78 (Ct.App.1979). The testimony that defendant solicited false testimony from Hern, and threatened Hern if he "snitched", was relevant.

The trial tapes reveal that the trial court applied the balancing test of Evidence Rule 403. *See State v. Day,* 91 N.M. 570, 577 P.2d 878 (Ct.App.1978). Hern's trial testimony was inconsistent with his statement to the police. The record does not show that the trial court improperly applied the balancing test or abused its discretion in admitting the three challenged statements. *State v. Trujillo, supra.*

*Prosecutor's Reference to Failure of Defense Witnesses to Testify*

In his statement to the police, defendant said that he was at his apartment "drinking with some friends I had just met that night." At trial, defendant testified on direct examination that he had been drinking with Mr. Earl, whom he had known for some time. On cross-examination, defendant testified that he was drinking with Earl and also with Manuel Lopez; that he had known Earl for six months; that both Earl and Lopez were retired servicemen and acquaintances of defendant. This testimony was directed toward an alibi that defendant was at his apartment, "drinking," at the time the burglary occurred.

During closing argument the prosecutor reviewed several evidentiary items which the prosecutor viewed as showing defendant's lack of credibility. The prosecutor referred to the inconsistency between defendant's statement and his trial testimony, asking why Earl and Lopez were not named in defendant's statement. The prosecutor then asked: "Where are these individuals?"

Defendant objected, stating the burden was on the prosecutor to bring them in. Defendant asserts the trial court erred in overruling his objection; he claims that it is improper for the prosecutor to comment on the absence of defense witnesses. Defendant relies on *State v. Cummings,* 57 N.M. 36, 253 P.2d 321 (1953). *Cummings* is not on point; it dealt with repeated comments by the prosecutor concerning matters not in evidence. The prosecutor's question, in this case, dealt with matters in evidence.

■ Although no instruction is to be given concerning the production of witnesses, New Mexico law permits comment, in closing argument, concerning the failure to call a witness. U.J.I.Crim. 40.10 and Committee commentary, N.M.S.A. 1978 (1982 Repl. Pamph.); U.J.I. Civil 21.4 and Committee Comment, N.M.S.A. 1978 (1980 Repl. Pamph.); *State v. Martin,* 32 N.M. 48, 250 P. 842 (1926). *See Graves v. United States,* 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893); *United States v. Merryman,* 630 F.2d 780 (10th Cir.1980). We are not concerned here with circumstances limiting the propriety of such a comment. *See Graves v. United States, supra; United States v. Merryman, supra; State v. Martin, supra; State v. Soliz,* 80 N.M. 297, 454 P.2d 779 (Ct.App.1969). Our concern is whether *any*

such comment can properly be made in a criminal case.

Defendant contends that the prosecutor's question, "Where are these individuals?", told the jury that defendant had not shown his innocence and thus improperly shifted the burden of proof from the prosecution to the defendant. We disagree for two reasons.

First, the jury was instructed that the burden was always on the State to prove guilt beyond a reasonable doubt; it was also instructed to follow and apply the law as stated in the instructions. The prosecutor's comment did not attempt to modify or evade the court's instructions.

Second, a comment in closing argument concerning the failure to call a witness seeks to have the jury infer that if the witness had been called the testimony would have been unfavorable to the party not calling the witness. *State v. Martin, supra; State v. Soliz, supra.* Such an inference may or may not be valid. Because such an inference may be urged by both sides, and is a " ' "mere matter of argument" ' " by the attorneys, New Mexico trusts " ' "to the good sense of the jury to properly estimate the value of such arguments." ' " *State v. Martin, supra.* Being no more than argument by counsel, such an argument does not involve the burden of proof.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

WALTERS, C.J., and LOPEZ, J., concur.