PROPOSED MEMORANDUM OPINION

*STATE V. GENARO SOLIS-CORDOBA*, No. 29,255

Defendant appeals his conviction for one count of trafficking a controlled substance in violation of NMSA 1978, Section 30-31-20(A)(3) (2006). [DS 2] On appeal, Defendant contends that (1) the prosecutor committed prosecutorial misconduct requiring a mistrial by referring to Defendant's failure to call witnesses after the prosecutor had successfully moved to exclude Defendant's witnesses from testifying, and (2) there was insufficient evidence to support Defendant's conviction. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we are unpersuaded by Defendant's arguments, we affirm.

## The District Court Did Not Abuse its Discretion in Denying a Mistrial

In this Court's calendar notice, we noted that the docketing statement did not indicate how the issue of prosecutorial misconduct had been preserved and we applied a fundamental error analysis to determine if the misconduct at issue required reversal. [CN 2-3] We proposed to conclude that it did not. [Id.] In Defendant's memorandum in opposition, Defendant indicates that this issue was preserved by a motion for mistrial following the prosecutor's statements during closing argument. In our calendar notice, we noted that "[w]hen an issue of prosecutorial misconduct has been preserved by a specific and timely objection at trial, we review the claim of error by

determining whether the trial court's ruling on the claim was an abuse of discretion." *See State v. Wildgrube*, 2003-NMCA-108, ¶ 20, 134 N.M. 262, 75 P.3d 862. We therefore review the district court's refusal to grant Defendant's request for a mistrial under an abuse of discretion standard. *See also State v. McDonald*, 1998-NMSC-034, ¶ 26, 126 N.M. 44, 966 P.2d 752 (providing that we review the trial court's denial of a motion for mistrial for an abuse of discretion).

Defendant claims that the district court abused its discretion by not granting his motion for mistrial after the prosecutor commented during closing argument on Defendant's failure to call any witnesses. [MIO 4-7] Our Supreme Court has previously held that "[c]omment[s] during closing argument concerning the failure to call a witness [are] permitted." *State v. Gonzales*, 112 N.M. 544, 550, 817 P.2d 1186, 1192 (1991). Further, to the extent Defendant is arguing that the prosecutor's comments impermissibly allowed the jury to infer that Defendant had no defense to the trafficking charge [MIO 6-7], this Court has previously held that the parties are free to urge the jury to make such inferences. *See State v. Vallejos*, 98 N.M. 798, 801, 653 P.2d 174, 177 (Ct. App. 1982) (holding that "a comment in closing argument concerning the failure to call a witness seeks to have the jury infer that if the witness had been called the testimony would have been unfavorable to the party not calling the witness," and that "[b]ecause such an inference may be urged by both sides, and

2

is a mere matter of argument by the attorneys, New Mexico trusts to the good sense of the jury to properly estimate the value of such arguments" (internal quotation marks omitted)). Accordingly, we cannot conclude that the district court abused its discretion in refusing to grant a mistrial on this basis.

To the extent Defendant contends that the prosecutor's comments rose to the level of prosecutorial misconduct, because the prosecutor commented on the failure to present "the very evidence it was responsible for keeping from the jury," [MIO 5] Defendant's argument is disingenuous. Although Defendant contends that "the reason . . . defense counsel did not introduce any witnesses is because the State successfully moved to exclude such evidence from trial" [MIO 5], and that Defendant had a viable defense "but the trial court, at the behest of the State, excluded the witnesses needed to support" the defense [MIO 6], we note that the docketing statement reflects that defense counsel conceded to the prosecutor's request after informing the court that defense counsel had been unable to locate the witnesses in order to have them testify. [DS 3] To the extent Defendant is arguing that the prosecutor's comments amounted to prosecutorial misconduct warranting dismissal because the district court did not provide defense counsel with more time to locate the witnesses, Defendant has not indicated that he requested more time from the district court, and Defendant conceded to the relief requested by the prosecutor. More importantly, since urging the jury to

infer that Defendant did not have a defense to the trafficking charge is permissible, *see Vallejos*, 98 N.M. at 801, 653 P.2d at 177, Defendant has not indicated how the prosecutor's comments had an impermissibly persuasive and prejudicial effect on the jury's verdict, such that Defendant was deprived of a fair trial. *See State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807. As a result, we find Defendant's argument unpersuasive and affirm the district court's denial of Defendant's motion for mistrial.

### Sufficient Evidence Exists to Support Defendant's Conviction

Defendant contends that there was insufficient evidence to support his conviction for one count of trafficking a controlled substance. As an initial matter, we note that the standard Defendant would have this Court apply to the sufficiency issue does not reflect the standard currently applied by our appellate courts. [MIO 8-9 (citing *State v. Sanchez*, 98 N.M. 428, 430, 649 P.2d 496, 498 (Ct. App. 1982), for the proposition that "[t]he standard of review is whether a jury could reasonably find that the circumstantial evidence is inconsistent with every reasonable hypothesis of innocence")]; *see State v. Garcia*, 2005-NMSC-017, ¶ 18, 138 N.M. 1, 116 P.3d 72 (stating that "the indication in *Sanchez* that an appellate court may not affirm a conviction unless the evidence is inconsistent with every reasonable hypothesis of innocence expressly did not survive this Court's opinion in *State v. Brown*, 100 N.M.

4

726, 727-28, 676 P.2d 253, 254-55 (1984)"). As this Court noted in its calendar notice, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict," *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, in order to determine "whether a rational factfinder could have found that each element of the crime was established beyond a reasonable doubt," *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86.

Applying this standard, we noted in our calendar notice that the State was required to prove: (1) "[D]efendant had cocaine in his possession;" (2) "[D]efendant knew it was cocaine or believed it to be cocaine"; (3) "[D]efendant intended to transfer it to another"; and (4) "[t]his happened in New Mexico on or between the 29th day of October, 2007." [RP 118] We noted that "[p]roof of possession in controlled substances cases may be established by evidence of the conduct and actions of a defendant, and by circumstantial evidence connecting defendant with the crime." *State v. Barber*, 2004-NMSC-019, ¶ 27, 135 N.M. 621, 92 P.3d 633. We also noted that "[e]vidence of control includes the power to produce or dispose of the narcotic." *Id.* Here, Defendant was observed at the location where the drugs were found, which was also where Defendant was seen engaging in a drug transaction. Thus, we proposed to conclude that, while the evidence of contraband on the premises alone

5

may have been insufficient to establish possession, here, there were additional facts connecting Defendant to the drugs. *See State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421. We also proposed to conclude that the jury could have reasonably inferred that Defendant knew or believed the substance to be cocaine and that Defendant intended to transfer the cocaine seized to others based on testimony identifying Defendant as having sold cocaine to a police informant. [CN 4-6]

In his memorandum in opposition, Defendant contends pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), that the evidence was insufficient to establish the elements of his crime beyond a reasonable doubt. [MIO 7-9] Defendant continues to assert that he was not in possession of the drugs because he no longer lived at the trailer where the drug buy took place. [MIO 9] Defendant testified that another individual was the current tenant of the trailer, but that individual had fled to Mexico. Defendant also indicates that a lease agreement for his new residence was presented as an exhibit at trial. [Id.] However, as we indicated in our calendar notice, we do not consider evidence contrary to the verdict on appeal since the jury was free to disregard such testimony. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts."). Similarly, to the extent

6

Defendant contends that his identification card should not be used to establish possession because it could have been inadvertently left by Defendant when he moved out of the trailer and that the officers could have been mistaken in their identification of Defendant from afar, we do not consider this evidence on appeal. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict.").

For the reasons stated above and in this Court's proposed disposition, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

# DISCUSSION

**TO:**      **JUDGE VIGIL**                              **June 11, 2009**

**FROM:**    **MICHELLE HAUBERT-BARELA**

**RE:**        *STATE V. SOLIS-CORDOBA*, No. 29,255

I recommend proposing summary affirmance via memorandum opinion.

This is an appeal by Defendant following a jury trial in which Defendant was convicted of one count of trafficking a controlled substance, and acquitted of one count of tampering with evidence. [DS 2] Defendant was sentenced to nine years on the single count, with no time suspended. [Id.] On appeal, Defendant contends that (1) the prosecutor committed prosecutorial misconduct by referring to Defendant's failure to call witnesses after the prosecutor had successfully moved to exclude Defendant's witnesses from testifying, and (2) there was insufficient evidence to support Defendant's conviction. We issued a calendar notice proposing to affirm, and Defendant has filed a timely memorandum in opposition. Having considered Defendant's arguments, I recommend that we affirm.

Please see the attached proposed memorandum opinion for my full analysis.