This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36471**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISTOPHER SAIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Stephen E. McIlwain
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Christopher Sais appeals his conviction for aggravated battery with a deadly weapon in violation of NMSA 1978, Section 30-3-5(C) (1969). Defendant challenges the following on appeal: (1) the admission into evidence of a printout from a Facebook page; (2) the sufficiency of the evidence to support his conviction; and (3) the propriety of the State's comments in closing argument. We affirm.

**BACKGROUND**

**{2}**     The following facts are derived from Thomas Mein's (Victim) testimony. Victim attended a barbecue at which he had a brief, unremarkable conversation with Defendant who, Victim observed, was wearing a Dallas Cowboy's jersey. Victim had never met Defendant before this encounter. While at the barbecue, Victim observed an argument between Defendant and a mutual friend, Arthur Lacey. Later that night, Victim left the party with Lacey and Lacey's girlfriend. Lacey drove, while Lacey's girlfriend sat in the passenger seat and Victim sat in the backseat on the driver's side. Lacey pulled into a parking lot because Defendant was following them, and Lacey got out of the vehicle, followed by Victim. Victim testified that Defendant then drove into the parking lot and ran into Victim with his SUV, injuring him. Defendant next maneuvered his SUV as if he was going to run Victim over again, but Lacey helped Victim back into his vehicle before that could happen. Once inside, Victim said he saw another vehicle arrive in the parking lot and observed Defendant shooting a handgun toward Lacey's vehicle.

**{3}**     Defendant was charged with aggravated battery with a deadly weapon (vehicle), aggravated assault with a deadly weapon (firearm), and shooting at or from a motor vehicle. At trial, the State presented evidence through three witnesses—Victim and two officers. Defendant did not present any witnesses. During Victim's direct examination, the district court admitted a printout of a Facebook page purported to be that of Defendant, containing two posts alleged to be remarks about Defendant's court date and Victim. The jury convicted Defendant of aggravated battery, and the district court declared a mistrial for jury disagreement on the remaining two counts. The State subsequently dismissed these counts. Defendant appeals his conviction for aggravated battery.

## DISCUSSION

**{4}**     Before we address the merits of Defendant's argument, we pause to take note of the deficiencies in Defendant's appellate counsel's briefing. Counsel presents the vast majority of Defendant's claims of error in terse, summary fashion, failing to provide developed analysis. As has often been stated, our appellate courts have no obligation to review unclear arguments or develop arguments on behalf of a party. *See, e.g.*, *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53; *State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031. With these deficiencies in mind, we review Defendant's claims of error as best we can.

### I.     Admission of the Facebook Printout

**{5}**     Defendant challenges the admission of a printout from a Facebook page, in which Defendant purportedly discussed his upcoming court appearance and disparaged Victim.[1] Specifically, Defendant asserts that the State failed to properly authenticate or lay a sufficient foundation to attribute the contents of the Facebook printout to him.[2]

---

[1] As a preliminary matter, contrary to our appellate rules, Defendant did not designate the Facebook printout as an exhibit on appeal and has not described its contents in either his brief in chief or reply brief. *See* Rule 12-212(A)

**{6}** "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Candelaria*, 2019-NMCA-032, ¶ 41, 446 P.3d 1205 (internal quotation marks and citation omitted). "We will not presume that the district court abused its discretion, but will instead presume the rectitude and regularity of the proceedings. The party challenging an evidentiary ruling bears the burden of establishing that it was obviously erroneous, arbitrary or unwarranted." *Salehpoor v. N.M. Inst. of Mining & Tech.*, 2019-NMCA-046, ¶ 26, 447 P.3d 1169 (internal quotation marks and citations omitted); *see also State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). Based on the record before us and the limited argument presented by Defendant, we conclude Defendant has not met this burden.

**{7}** The entirety of Defendant's authentication argument is as follows: "There is . . . a failure of authentication linking [Defendant] to [the Facebook printout]. The only evidence of a nexus between [Defendant] and the Facebook page is his picture appearing on it as shown by the testimony of [Victim] before the admission of [the Facebook printout]." In response, the State maintains that Defendant's authentication argument is so unsupported it should not be considered. Because Defendant cites no authority to support his argument that the Facebook printout was not properly authenticated, we assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel."). Nor does Defendant otherwise develop his authentication argument for our review, and we decline to do so on his behalf. *Elane Photography, LLC*, 2013-NMSC-040, ¶ 70

NMRA (requiring appellant to designate documentary exhibits on appeal). Although the State read from the exhibit during closing arguments and provides a cursory description of the exhibit in its answer brief, we do not have access to the full contents of the exhibit. While Defendant's failure to designate the challenged exhibit may be grounds enough to decline review, as set forth below, we otherwise determine that Defendant has failed to meet his burden on appeal. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to review an undeveloped argument unsupported by "facts that would allow us to evaluate [the appellant's] claim").

[2] Defendant additionally argues that the Facebook printout contained inadmissible hearsay. We agree with the State that Defendant's hearsay objection was not preserved. "In order to preserve an issue for appeal, it is essential that a party must make a timely objection that specifically apprises the [district] court of the claimed error and invokes an intelligent ruling thereon." *State v. Janzen*, 2007-NMCA-134, ¶ 11, 142 N.M. 638, 168 P.3d 768 (internal quotation marks and citation omitted); *see also* Rule 12-321(A) NMRA (same). Although Defendant objected on hearsay grounds twice during Victim's testimony, Defendant objected only to relevance and foundation when the State moved for the exhibit's admission. Consequently, Defendant's hearsay argument is not preserved, and we decline to review it. *See State v. Neswood*, 2002-NMCA-081, ¶ 18, 132 N.M. 505, 51 P.3d 1159 (providing that evidentiary objections must generally be made at the time the evidence is offered); *see also State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)). We do note, however, that even if Defendant had preserved the hearsay objection, we would conclude, for the same reasons set forth below, that Defendant has failed to meet his burden of establishing the district court abused its discretion in admitting the Facebook printout.

("requir[ing] that the parties adequately brief all appellate issues" and providing that "[t]o rule on an inadequately briefed issue, [we] would have to develop the arguments [ourselves], effectively performing the parties' work for them"); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). We conclude, based on the foregoing, Defendant has not met his burden to establish the district court abused its discretion in admitting the Facebook printout.

**{8}** Nevertheless, even if we assume Defendant established the district court erred in admitting the Facebook printout, we would conclude that Defendant again has not met his burden under our harmless error standard. *See State v. Tollardo*, 2012-NMSC-008, ¶ 25, 275 P.3d 110 ("Improperly admitted evidence is not grounds for a new trial unless the error is determined to be harmful."). Where, as here, the error is evidentiary, rather than constitutional, we evaluate whether there is a reasonable *probability* that the error affected the verdict. *Id.* ¶ 36. "Defendant bears the initial burden of demonstrating that he was prejudiced by the error." *State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245.

**{9}** Defendant has not carried this initial burden of establishing prejudice. Defendant argues that while Victim identified him in open court, "the one and only time prior to the incident that [Victim] met [Defendant] was at the barbecue[,]" and the Facebook printout thus "bolstered" Victim's in court identification. Defendant does not elaborate on this claim of prejudice. What is more, Defendant fails to accurately account for the identification evidence at trial. First, contrary to Defendant's briefing, Victim not only identified Defendant in court but also picked Defendant out of a photo array close in time to the incident. Second, Victim's in-court identification was unequivocal. Victim testified that he spoke with Defendant at the barbecue, and that he recognized Defendant's jersey and saw Defendant's face when he hit Victim with his SUV. Victim elaborated that when Defendant hit Victim with his SUV, "[Defendant's] face, the driver's window, was right there" and that Victim "could see right in the car." Third, based on our review of the record, the Facebook printout amounted to attenuated identification evidence at best. In light of the above, Defendant fails to demonstrate why the Facebook printout was prejudicial. Nor has he cited any legal authority in support of his claim of prejudice.

**{10}** We therefore conclude Defendant has not met his initial burden of demonstrating prejudice, and even if the Facebook printout was admitted in error, it was harmless. *See State v. Cox*, No. A-1-CA-35997, mem. op. ¶¶ 17, 18 (N.M. Ct. App. May 30, 2019) (non-precedential) (concluding the defendant had not met his burden when he made only conclusory assertions of prejudice, articulated no theory of prejudice, and cited no legal authority to support his claim of prejudice).

## II.    Sufficiency of the Evidence

**{11}** We turn next to whether there was sufficient evidence to support Defendant's conviction for aggravated battery with a deadly weapon. To review the sufficiency of the

evidence, we must evaluate whether substantial evidence, direct or circumstantial, supports a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction. *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056. We view the "evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Torrez*, 2013-NMSC-034, ¶ 40, 305 P.3d 944 (internal quotation marks and citation omitted).

**{12}** "Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." *State v. Jackson*, 2018-NMCA-066, ¶ 22, 429 P.3d 674 (internal quotation marks and citation omitted). Defendant challenges only the sufficiency of the evidence for one element—intent—and we limit our discussion accordingly. The jury was instructed, in relevant part, that to find Defendant guilty of aggravated battery with a deadly weapon, the State must prove beyond a reasonable doubt that Defendant "intended to injure [Victim] or *another*[.]" *See* UJI 14-322 NMRA (emphasis added). Defendant argues there was insufficient evidence that he intended to injure Victim, asserting the only direct evidence of intent came from Victim who said, "I don't know if [Defendant] meant to hit me, but I was the one that was hit." Defendant's argument lacks merit on both the law and the facts.

**{13}** As for the law, Defendant ignores the transferred intent doctrine. "When a criminal statute matches specific intent with a specific victim, the doctrine of transferred intent protects an unintended victim." *State v. Fekete*, 1995-NMSC-049, ¶ 21, 120 N.M. 290, 901 P.2d 708 (internal quotation marks and citation omitted). In other words, "the perpetrator's intent to . . . injure a specific victim transfers to the unintended victim." *Id.* "[W]hen all of the elements of an offense are met, with the exception that the victim differs from the one the perpetrator intended to harm, criminal liability should be imposed." *Id.* ¶ 22; *see also* UJI 14-322 use note 7 (providing for use of the phrase "or another," as was done in the jury instructions in this case, when "the intent was directed generally or at someone other than the ultimate victim"). It thus is of no consequence that Defendant may not have intended to injure Victim so long as he had the intent to injure someone.

**{14}** As for the facts, there was ample evidence of such intent. Although Defendant focuses solely on what he deems "direct evidence of intent," it is well established that "[i]ntent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." *State v. Duran*, 2006-NMSC-035, ¶ 7, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). Victim testified that, following an argument between Lacey and Defendant, Victim left the barbecue with Lacey and Lacey's girlfriend in Lacey's vehicle. Eventually, Lacey pulled into a store parking lot because Defendant was following them. Lacey and Victim both exited the vehicle from the driver's side, and as Victim stood behind Lacey, Defendant hit Victim with his SUV. Victim testified that Defendant then came back around with his SUV as if he was going to run Victim over again.

**{15}** Based on the foregoing, there was sufficient evidence for the jury to infer that Defendant intended to injure Victim or Lacey. *See State v. Morales*, 2002-NMCA-052, ¶ 34, 132 N.M. 146, 45 P.3d 406 (concluding there was sufficient evidence from which the jury could infer the defendant's intent to injure the deputy when the defendant drove straight at him), *overruled on other grounds by Tollardo*, 2012-NMSC-008, ¶ 37 n.6; *see also Fekete*, 1995-NMSC-049, ¶¶ 21-22 (providing for transferred intent). To the extent Victim's testimony regarding whether he believed Defendant intended to hit him may have conflicted with the jury's verdict, we disregard such evidence. *See State v. Simmons*, 2018-NMCA-015, ¶ 13, 409 P.3d 1030 ("[W]e defer to the fact-finder when it weighs the credibility of witnesses and resolves conflicts in witness testimony." (internal quotation marks and citation omitted)). We therefore conclude sufficient evidence supports Defendant's conviction for aggravated battery with a deadly weapon.

### III. Closing Argument

**{16}** Defendant finally argues that it was impermissible for the State to comment during closing arguments on Defendant's power to subpoena Lacey and Lacey's girlfriend. Defendant contends this amounted to improper burden shifting and the district court erred in overruling his objection to the prosecutor's argument.

**{17}** We have previously addressed and disposed of a similar contention in *State v. Vallejos*, 1982-NMCA-146, 98 N.M. 798, 653 P.2d 174. In *Vallejos*, the prosecutor during closing arguments asked where the defendant's alibi witnesses were. *Id.* ¶¶ 10-11. The defendant argued, as here, that the prosecutor's comments improperly shifted the burden of proof to the defendant. *Id.* ¶ 14. This Court rejected the defendant's claim of error, noting the jury had been properly instructed on the burden of proof and the comment was no more than argument by counsel that the unproduced witnesses would not have been favorable to the defendant. *Id.* ¶¶ 15-16. The Court further made clear that "[a]lthough no instruction is to be given concerning the production of witnesses, New Mexico law permits comment, in closing argument, concerning the failure to call a witness." *Id.* ¶ 13. This holding has been reaffirmed by this Court, as well as our Supreme Court. *See State v. Gonzales*, 1991-NMSC-075, ¶ 20, 112 N.M. 544, 817 P.2d 1186; *State v. Estrada*, 2001-NMCA-034, ¶ 34, 130 N.M. 358, 24 P.3d 793.

**{18}** Defendant acknowledges the above precedent forecloses his claim of error but asks that we revisit our holding in *Vallejos*. Defendant, however, does so without discussing why this Court ought to disregard the vital principles of stare decisis. *See Trujillo v. City of Albuquerque*, 1998-NMSC-031, ¶¶ 33-34, 125 N.M. 721, 965 P.2d 305 (discussing the importance of stare decisis and the special justification necessary to depart from prior precedent). For this reason, we decline to entertain Defendant's argument. Finding *Vallejos* controls, we conclude the State's comments were not improper and the district court did not err in overruling Defendant's objection.

### CONCLUSION

**{19}** For the foregoing reasons, we affirm.

**{20}** IT IS SO ORDERED.

JENNIFER L. ATTREP, Judge

WE CONCUR:

KRISTINA BOGARDUS, Judge

MEGAN P. DUFFY, Judge