This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39681**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MICHELLE L. PEREA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Defendant appeals from her convictions, after a jury trial, of possession of methamphetamine, contrary to NMRA 1978, Section 30-31-23(E) (2019, amended 2021), and use or possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1 (2019, amended 2022). [RP 102] This Court issued a notice of proposed disposition proposing to affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded, we deny the motion to amend and affirm.

**{2}**     In her motion to amend the docketing statement, Defendant seeks to add an issue: Defendant argues that her rights under the Fifth Amendment of the United States Constitution were violated when her post-arrest statements were admitted at trial, because Defendant was never read warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). [MIO i, MIO 3] *See* Rule 12-210(D)(2) NMRA (stating that "[t]he parties shall not argue issues that are not contained in . . . the docketing statement[, but that t]he Court may, for good cause shown, permit the appellant to amend the docketing statement" and that "[t]he appellant may combine a motion to amend the docketing statement . . . with a memorandum in opposition"). We note that this Court considered in our proposed disposition whether the district court erred in allowing the State to introduce Defendant's admission that she had used methamphetamine two days prior to her arrest under different grounds; we considered whether this was error pursuant to Rule 11-404 NMRA and proposed that it was not. [CN 1-4] Defendant explicitly withdraws this claim of evidentiary error from our consideration and moves to amend the issue to consider whether there was constitutional error instead. [MIO i n. 1]

**{3}**     In order for this Court to grant a motion to amend the docketing statement, the movant must meet certain criteria to establish good cause for our allowance of such amendment. *See State v. Moore*, 1989-NMCA-073, ¶¶ 41-42, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730; *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are that

> (1) the motion to amend must be timely, (2) the motion must show the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal[, and (3)] the issues sought to be presented are viable.

*Moore*, 1989-NMCA-073, ¶ 42. For the reasons discussed below, we conclude that Defendant's argument was neither properly preserved below, nor may be raised for the first time on appeal, and further, the issue raised is not viable.

**{4}**     As Defendant acknowledges, the *Miranda* issue she asserts "was not adequately preserved." [MIO ii] Despite the lack of preservation below, Defendant asks this Court to review her *Miranda* argument for fundamental error. [MIO ii] We employ the fundamental error exception to the preservation rule "only under extraordinary circumstances to prevent the miscarriage of justice." *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted).

> Accordingly, we will use the doctrine to reverse a conviction only if the defendant's guilt is so questionable that upholding a conviction would shock the conscience, or where, notwithstanding the apparent culpability of the defendant, substantial justice has not been served. Substantial justice has not been served when a fundamental unfairness within the system has undermined judicial integrity.

*Id.* (internal quotation marks and citation omitted).

**{5}** Defendant's motion to amend her docketing statement and memorandum in opposition now asserts the following additional facts. Defendant claims that after probation officers called the New Mexico State Police on an arrest and hold order for Defendant, a state police officer "responded to the call" and "placed [Defendant] in the back of his police car." [MIO 2] "While in the back of the police car, [Defendant] started banging her head." [MIO 2] Defendant "eventually calmed down" and told the officer "that she wanted to go to the hospital." [MIO 2] The officer took her to Gerald Champion Hospital, where she "'admitted to consuming methamphetamines' two or three days prior." [MIO 2] Defendant's motion to amend cites to the criminal complaint to support her argument that this statement should have been suppressed pursuant to *Miranda*. [MIO 2, RP 11]

**{6}** However, the facts asserted in Defendant's docketing statement indicated that the State seemingly used an entirely different statement against Defendant at trial. As we said in our calendar notice, it appears that Defendant's admission was introduced by the testimony of Defendant's probation officer, who told Defendant that she was being arrested, and that Defendant stated that she had used methamphetamine two or three days prior. [CN 3] Defendant's docketing statement did not reflect that the arresting state police officer testified as to any admissions made by Defendant to him; those statements seem to only be found in the criminal complaint. [DS 5-6]

**{7}** Further, in asking us to consider this issue, Defendant's motion to amend seems to be referring to the statement made by the probation officer, not by the state police officer, because Defendant argues that although Defendant did not "specifically object to the admission of [Defendant's] post-arrest statements on the basis of the constitutional violation, defense counsel did object to the admission of [Defendant's] post-arrest statements on the basis that the statements were more prejudicial than probative." [MIO ii] This seems to indicate that the statement at issue was made to the probation officer, as argued before the district court under Rule 11-404.

**{8}** This confusion illustrates why this Court relies on the preservation of error below. *See* Rule 12-321(A) NMRA ("To preserve an issue for review it must appear that a ruling or decision by the trial court was fairly invoked."). "We generally do not consider issues on appeal that are not preserved below." *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 (internal quotation marks and citation omitted). In fact, this Court cannot discern what statement Defendant is asserting was used erroneously against her at trial. This is particularly problematic where Defendant is asserting a violation of her constitutional rights pursuant to *Miranda*, because an inquiry pursuant to *Miranda* is necessarily fact-dependent. "*Miranda* warnings are required when a person is (1) interrogated while (2) in custody." *State v. Wilson*, 2007-NMCA-111, ¶ 12, 142 N.M. 737, 169 P.3d 1184 (internal quotation marks and citation omitted). Whether a person is interrogated depends on the facts and circumstances of each case, as "[i]nterrogation is not limited to express questioning . . . [and] can include other, less-assertive police methods that are reasonably likely to lead to incriminating information, but which are

beyond those normally attendant to arrest and custody." *State v. Juarez*, 1995-NMCA-085, ¶ 8, 120 N.M. 499, 903 P.2d 241. "In determining whether a person is in *Miranda* custody while being interrogated, the court must apply an objective test to resolve the ultimate inquiry: was there a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." *State v. Wilson*, 2007-NMCA-111, ¶ 14, 142 N.M. 737, 169 P.3d 1184 (internal quotation marks and citation omitted). "The following factors guide our inquiry: the purpose, place, and length of interrogation, the extent to which the defendant is confronted with evidence of guilt, the physical surroundings of the interrogation, the duration of the detention, and the degree of pressure applied to the defendant." *State v. Hermosillo*, 2014-NMCA-102, ¶ 11, 336 P.3d 446 (omission, alteration, internal quotation marks, and citation omitted). Because in this case it appears that there was no record at all made of a *Miranda* argument below, and because there are discrepancies as to what admission of Defendant's was admitted— whether it was an admission made to her probation officer or an admission made to the state police officer following her arrest, we conclude that we cannot meaningfully review Defendant's *Miranda* argument. In light of this conclusion, we deny Defendant's motion to amend and decline to address this matter any further. *See, e.g.*, *State v. Anaya*, 2012-NMCA-094, ¶¶ 34-36, 287 P.3d 956 (declining to address a *Miranda* claim where the first and only time that the defendant mentioned rights provided by *Miranda* was during closing argument at trial); *State v. Coleman*, 2011-NMCA-087, ¶ 16, 150 N.M. 622, 264 P.3d 523 (deciding that the defendant had waived appellate review of the question of whether his post-arrest statements were excludable as involuntary; at trial, the defendant raised a foundational objection implicating the *Miranda* procedural requirements, but not the separate issue of voluntariness).

**{9}** We note that to the extent that we deny Defendant's motion to amend because of the lack of preservation, nothing in this decision precludes Defendant from pursuing a collateral habeas corpus proceeding, should she so choose. *See, e.g.*, *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (stating that if facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition).

**{10}** In her memorandum in opposition, Defendant continues to assert that the district court erred when it allegedly permitted the State to engage in "impermissible burden shifting" when the State improperly commented on Defendant's right to call witnesses. [MIO 5] In our calendar notice, we proposed to conclude that *State v. Vallejos*, 1982-NMCA-146, 98 N.M. 798, 653 P.2d 174, controls on this question, that the State's comments were not improper, and that the district court did not err in overruling Defendant's objection. [CN 5-6] In her memorandum in opposition, Defendant has not asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous as to this argument. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754,

955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{11}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we deny Defendant's motion to amend and affirm Defendant's conviction.

**{12}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**